## Hellen *versus* Crawford.

*Surety not discharged by Notice to sue Principal in Note not yet due.*

A notice by a surety on an undue note, that he would not remain responsible, if the holder did not sue the principal debtor as soon as the note came due or get other security, will not discharge the surety.

ERROR to Common Pleas of *Fayette county.*

This was an action of debt by William Crawford against Benjamin Hellen, on a note given by Benjamin Hellen and Peter Hoke Hellen to William Crawford for $550, on the 20th

[Hellen *v.* Crawford.]

,of January 1853, payable with interest two years after date. The money was borrowed from Crawford by Peter Hoke Hellen, and his father Benjamin was surety on the note. In the summer of 1854, Benjamin Hellen, the surety, notified Crawford to go on and collect the money from Peter Hoke Hellen when due, as he would no longer be liable. This was the only defence set up by the defendant.

Upon this evidence the court (LINDSAY, P. J.) instructed the jury that the notice was so long before the note became due, that the surety could not avail himself of it as a defence; which was the error assigned here by the defendant.

*Gilmore & Minor,* for plaintiff in error.

*J. B. & A. Howell* (with whom was *D. Kaine*), for defendant in error.

The opinion of the court was delivered by

READ, J.—The only defence set up in this case by the defendant, who with his son made a note to the plaintiff, payable with interest two years after date, was that he was only a surety, and that about six months before the note became due he gave a verbal notice to the plaintiff in the street that he wished to be released, and that he would not stand after the note became due, and that plaintiff must collect the note or get other security. The counsel for the plaintiff in error, candidly acknowledged that he could not find any case in which such a notice given before the note was due and the surety actually fixed had been held to be good; no expression of any judge had been cited even looking that way;—now, such notices were substitutes for a proceeding in chancery to effect the same object, and no bill ever was filed for such a purpose until the debt was actually due and unpaid. By analogy, therefore, such a notice cannot be given by the surety until the debt is due. The inconvenience of any other rule in negotiable paper would be very great, for the holder of it would be obliged to keep a separate book for entering such notices, and if not in writing, to put down what he might suppose to be the language addressed to him in conversation. We have gone as far as policy dictates in allowing the force that has been given to notices of this character, and we are not disposed to take another step unsanctioned by any authority or by the analogies of the practice in equity. The learned judge might, therefore, have gone further and said, that the notice was entirely inoperative, because it was given before the note was due.

Judgment affirmed.